**FILED**
**Dec 21, 2021**
**12:42 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **FELICIA PHILLIPS,** | ) | **Docket No. 2020-08-0526** |
| **Employee,** | ) | **2020-08-0260** |
| **v.** | ) | |
| **IPS CORPORATION,** | ) | **State File Number: 68633-2018** |
| **Employer,** | ) | **2201-2020** |
| **And** | ) | |
| **BERKSHIRE HATHAWAY** | ) | **Judge Deana Seymour** |
| **HOMESTATE INSURANCE CO.** | ) | |
| **And** | ) | |
| **LIBERTY MUTUAL INSURANCE,** | ) | |
| **Carriers.** | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court heard Ms. Phillips's requests for additional temporary disability benefits during expedited hearings on December 6, 2021. One request claimed a September 5, 2018 injury; the second, a December 31, 2019 injury. Berkshire insured IPS for the first claim, and Liberty Mutual insured it for the second. Neither insurer paid temporary disability benefits from January 20, 2020, forward. For the reasons below, the Court holds that Ms. Phillips is likely to prove at a hearing on the merits that she is entitled to these benefits, and Liberty Mutual is responsible.

### History of Claim

Ms. Phillips injured her right foot at work for IPS on September 5, 2018. Dr. John Lochemes provided authorized orthopedic treatment until February 13, 2019, when he referred her to pain management for neuropathic foot pain. Dr. Lochemes restricted Ms. Phillips's work activities to fifty percent standing/walking and fifty percent sitting.[1] IPS provided Ms. Phillips a position with a stool to accommodate the restrictions.

---

[1] Dr. Lochemes provided a statement confirming he ended orthopedic care on February 13 and referred Ms. Phillips for continued medical care for pain management.

1

On December 30, 2019, Ms. Phillips fell while getting up from the stool. She was transported to the emergency room, prescribed medication, and restricted from work until January 2, 2020.

IPS notified Liberty Mutual of the fall, and it provided a panel from which she chose Dr. Gregory Anderson. Dr. Anderson evaluated Ms. Phillips on January 3, and he diagnosed a cervical sprain, concussion, and strains of the left shoulder and arm. He restricted her work activities.

Three days later, IPS removed Ms. Phillips's workstation stool and rescinded light duty. It put her on "a worker's compensation related leave of absence due to the inability to accommodate restrictions" for her foot injury. IPS also provided Ms. Phillips contact information for Liberty Mutual.

A week later, Liberty Mutual denied Ms. Phillips's December 30 claim, stating, "[t]his injury is a result of an old injury and there was no additional hazard of the job to cause this." It challenged Ms. Phillips's account of the accident by referring to her injury reports, stating that she fell because her foot gave out as she was getting up from her stool.

During cross-examination by the insurance companies, Ms. Phillips said the specifics of her fall were difficult to describe. She testified that her stool shifted as she was getting up, causing her to fall. Ms. Phillips explained that she did not fall because of her right-foot problems. Rather she fell when the stool shifted, and her weak foot prevented her from bracing herself.

Dr. Anderson testified by deposition that he treated Ms. Phillips for injuries from the fall. He acknowledged his notes recorded that she fell when her foot "gave out" as she was getting up from her chair. Dr. Anderson clarified that Ms. Phillips told him the problems with her workstation chair contributed to her fall, but he did not include that discussion in his records.

Dr. Anderson testified, "the problem with a chair leading to her fall is more of a causative factor to her having the multiple complaints than the issue with her right foot . . . The chair is more than 50% in causing her injuries related to the left shoulder, neck, low back and hip."

Dr. Anderson said he continued to treat Ms. Phillips for her injuries from the fall but never treated her right foot. He placed work restrictions on January 3, 2020, which have continued in some form throughout treatment. He explained that the restrictions would prevent Ms. Phillips from working if IPS could not accommodate them.

2

Berkshire denied Ms. Phillips's request for temporary disability benefits, claiming that the fall was a separate and distinct injury. Berkshire also relied on Tennessee Code Annotated section 50-6-207(1)(E), contending that Ms. Phillips was conclusively presumed at maximum medical improvement for her foot injury on February 13, 2019, when Dr. Lochemes ended orthopedic treatment and referred her for pain management. Therefore, it was not responsible for temporary disability benefits from the fall.

Liberty Mutual countered that it did not insure IPS for the foot injury, which it argued caused the fall and resulting temporary disability. It relied on the medical histories that Ms. Phillips fell when her "foot gave way." Liberty Mutual pointed out that Ms. Phillips worked with restrictions for her foot injury before her fall. After the fall, IPS rescinded its accommodations for her foot injury, which prevented her from working. Thus, it was not responsible for temporary disability benefits.

**Findings of Fact and Conclusions of Law**

Ms. Phillips must provide sufficient evidence from which the Court might determine she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To receive temporary total disability benefits, Ms. Phillips must prove (1) she became disabled from working due to a compensable injury; (2) a causal connection between her injury and her inability to work; and (3) her period of disability. For temporary partial disability benefits, she must show that her treating physician returned her to work with restrictions that IPS either could not or would not accommodate. *See Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7, 8 (Dec. 11, 2015).

Beginning with the first criterion, Ms. Phillips offered no medical opinion that she was totally disabled by her work injury. As a result, she is not likely to prove entitlement to temporary total disability benefits.

Regarding temporary partial disability, the Court found Ms. Phillips credible in her account of the work injuries she sustained. She was forthcoming, self-assured and consistent in her testimony, as she explained each injury and confidently detailed her fall under rigorous cross-examination. The Court also watched a video of the fall, which verified Ms. Phillips's testimony.

Ms. Phillips relied on medical records from Dr. Lochemes for her right-foot claim and Dr. Anderson's deposition testimony for her fall claim. Both physicians placed Ms. Phillips on restricted duty, and IPS could not or would not accommodate those restrictions after her fall.

Berkshire relied on Tennessee Code Annotated section 50-6-207(1)(E) to support its denial of the requested benefits. The statute provides that an employee "shall be *conclusively presumed* to be at maximum medical improvement when the treating physician ends all active medical treatment and the only care provided is for the treatment of pain[.]" Dr. Lochemes ended all active treatment of Ms. Phillips's right foot on February 13, 2019, and referred her to pain management. Therefore, the Court holds Ms. Phillips reached maximum medical improvement for her foot injury on February 13, 2019, and is not entitled to temporary disability benefits for that injury.

The Court next considers Liberty Mutual's responsibility to Ms. Phillips for benefits related to her fall. After the fall, IPS rescinded the light-duty work and removed the stool. By that time, Ms. Phillips had begun treatment with Dr. Anderson for injuries from the fall. Dr. Anderson testified the treatment and restrictions he assigned were primarily due to injuries from her fall, and Ms. Phillips could not work unless IPS accommodated those restrictions.

IPS did not accommodate the restrictions. Therefore, the Court holds, IPS shall pay Ms. Phillips, through its insurer, Liberty Mutual, temporary partial disability benefits from January 20, 2020, until she returns to work or reaches maximum medical improvement for her December 30, 2019 work injury.[2]

**IT IS, THEREFORE, ORDERED** as follows:

1. IPS, through its insurer, Liberty Mutual, shall pay Ms. Phillips accrued temporary partial disability benefits from January 20, 2020, to the present and shall pay continuing temporary partial disability benefits under Tennessee Code Annotated section 50-6-207(2).

2. This case is set for a Status Hearing on **February 28, 2022, at 8:30 a.m.** The parties must call toll-free at **866-943-0014** to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using **Central Time**.

3. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty

---

[2] The Court is unable to calculate the sum owed due to Liberty Mutual's failure to introduce a wage statement, the parties' failure to stipulate a compensation rate at the hearing, and the lack of any testimony from Ms. Phillips as to her wages.

assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED December 21, 2021.**

_____
**JUDGE DEANA C. SEYMOUR**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record
1. Petition for Benefit Determination (for date of injury September 8, 2018)
2. Petition for Benefit Determination (for date of injury December 30, 2019)
3. Dispute Certification Notice (for date of injury September 8, 2018)
4. Dispute Certification Notice (for date of injury December 30, 2019), including additional issues and defenses filed by the parties
5. Hearing Request, along with Ms. Phillips's Affidavit
6. Order Setting Expedited Hearing
7. Motion for Continuance of Expedited Hearing
8. Liberty Mutual's Response to Motion for Continuance
9. Order on Motion for Continuance Expedited Hearing
10. Notice of Filing Dr. John Lochemes's Medical Records
11. Notice of Filing Dr. James Varner's Medical Records
12. Status Hearing Order
13. Berkshire's Expedited Hearing Brief
14. Employee's Witness and Exhibit List
15. Employee's Medical Records
16. Notice of Filing Transcript and Corrected Exhibits of Deposition of Dr. Gregory Anderson
17. Liberty Mutual's Expedited Hearing Brief
18. Liberty Mutual's Witness and Exhibit List

Exhibits
1. Dr. John Lochemes's medical records
2. Mays & Schnapps' medical records
3. Dr. John Lochemes's letter dated June 9, 2021
4. Video of fall (Late filed)
5. Dr. Gregory Anderson's medical records, which were attached to his deposition transcript

6. Dr. Gregory Anderson's post-deposition medical records dated October 25, November 9, and November 30, 2021 (Collective and Late filed)
7. Dr. Gregory Anderson's deposition transcript
8. Dr. James Varner's medical records
9. First Report of Work Injury
10. Choice of Physician form
11. Accommodation recission letter
12. Notice of Denial
13. Affidavit of Kimberly Jenkins (Late filed)

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on December 21, 2021.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Chris Taylor, Employee's Attorney | | | X | ctaylor@taylortoon.com |
| J. Brent Moore, Berkshire Hathaway Homestate's Attorney | | | X | bmoore@ortalekelley.com |
| Effie Cozart, Liberty Mutual's Attorney | | | X | effie.cozart@libertymutual.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

6



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*